Per Curiam.

The nonsuit was rightly ordered. The defendant received the money, promising to account. This is not a promise to pay. He undertook to repay the town 70 dollars, only in case that amount was recovered out of Thayer’s property, which he was to look up for the town. The power of attorney was procured by the selectmen themselves. The property was secured, and if the defendant could have retained it against Thayer, he should have repaid the town. But a guardian was appointed, undoubtedly at the instigation of the town, and the defendant was obliged to deliver the property to him ; for if he had defended under the power of attorney, it would probably have been shown to be void. If the town are not deprived of their right to remuneration from Thayer by any unreasonable expenditures by the defendant, the defendant ought not to be charged.[1]

Motion to take off the nonsuit overruled.

 If one has agreed to pay money, when he shall have received certain funds, he is liable in damages for non-payment, although the particular *48 funds have not come to his hands, if the failure to receive the funds arose from his own fault. Blight v. Ashley, 1 Peters’s C. C. R. 25,